FILED

AUG 30 2016

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN KEITH SALMON,<br><br>Defendant. | Cause No. CR 14-23-BLG-SPW<br><br>ORDER DENYING MOTION TO<br>REDUCE SENTENCE |

On August 19, 2016, Defendant Salmon moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 794 to the United States Sentencing Guidelines. Salmon is a federal prisoner proceeding pro se.

Salmon was sentenced on February 19, 2015. He did not appeal. His sentence became final when his time to appeal expired on March 5, 2015. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

On November 1, 2015, the Sentencing Commission amended the commentary to U.S.S.G. § 3B1.2 to broaden the circumstances supporting a downward adjustment for a defendant who plays a minor role in the offense. *See* U.S.S.G. § 3B1.2 Application Note 3 (Nov. 1, 2015). Salmon asks the Court to re-sentence him under the new commentary with a minor role reduction.

Salmon cites two cases applying Amendment 794 to persons who were

1

sentenced before the amendment went into effect. *See United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016); *see also United States v. Enriquez*, No. 14-50182, 2016 WL 2866030 at *1 (9th Cir. May 17, 2016) (unpublished mem. disp.) (following *Quintero-Leyva*), *both cited in* Mot. to Reduce (Doc. 35) at 2. But both of those defendants' cases were pending before the appellate court when Amendment 794 was enacted on November 1, 2015. The court held "the Amendment applies retroactively *in direct appeals*." *Quintero-Leyva*, 823 F.3d at 521 (emphasis added). In a footnote, the court pointed out that the case "did not present the issue of whether, under the Amendment, a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." That is the issue Salmon presents. The *Quintero* court declined to reach it. *Id.* at 521 n.1.

The issue is reached, however, by 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Section 3582(c)(2) authorizes a court to reopen a final sentence "based on a sentencing range that has subsequently been lowered" only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement regarding sentence reductions under § 3582(c)(2) is located in U.S.S.G. § 1B1.10. And the Commission has not included Amendment 794 in the very small group of "covered amendments" that are effective retroactively even after a sentence is final. *See* U.S.S.G. § 1B1.10(a)(1), (d) (Nov. 1, 2015).

2

Therefore, a reduction for Salmon, whose sentence became final before Amendment 794 was enacted, would not be consistent with the applicable policy statement in U.S.S.C. § 1B1.10(d) and is not authorized by 18 U.S.C. § 3582(c)(2).

Accordingly, IT IS HEREBY ORDERED that Salmon's motion to reduce the sentence (Doc. 35) is DENIED.

DATED this 30th day of August, 2016.

Susan P. Watters
United States District Judge