

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 14-023-BLG-SPW |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| BRIAN KEITH SALMON, | |
| Defendant/Movant. | |

This matter came before the Court on Salmon's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Salmon presented four claims for relief. On January 24, 2017, the Court denied Claims 1, 3, and 4. On November 15, 2017, Claim 2 was granted. Judgment was not addressed at that time so that counsel could be appointed to ensure a timely appeal. Counsel has now been appointed.

**Certificate of Appealability as to Claims 1, 3, and 4**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

1

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Setting to one side a potential time bar and/or procedural default, three claims were denied for lack of merit. Salmon's first claim alleged that counsel should have challenged the use of actual methamphetamine to set his base offense level under the advisory sentencing guidelines. But no legal argument was available to counsel. The guidelines required that the base offense level must be the greater of the offense level for the total weight or the offense level for the weight of actual methamphetamine. *See* U.S.S.G. § 2D1.1(c) Note B at 152 (Nov. 1, 2014).

Salmon's third claim contended that he should have received a downward adjustment for minor role, but the evidence did not support an adjustment.

Finally, Salmon's fourth claim asserted that the United States breached the plea agreement by seeking an upward departure to account for his 35 felony convictions (including a recent aggravated assault) and total of 31 criminal history points. But, aside from conditionally binding the United States to seek a downward adjustment for Salmon's acceptance of responsibility, the plea agreement stated that "[t]he parties reserve the right to make any other arguments

2

at the time of sentencing." Plea Agreement (Doc. 21) at 7 ¶ 6.

In light of the record of the case, none of these claims supports an inference that Salmon was deprived of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Reasonable jurists would find no basis to encourage further proceedings on Claims 1, 3, or 4. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED:

1. The clerk shall vacate the Judgment of February 20, 2015 (Doc. 32), and re-enter it as of the date of this Order.

2. A certificate of appealability is DENIED as to all issues concerning Claims 1, 3, and 4 of the § 2255 motion. If Salmon files a notice of appeal stating that he intends to appeal the denial of Claims 1, 3, and/or 4, the clerk shall immediately process the appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-152-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Salmon as to Claims 1, 3, and 4 and in favor of Salmon and against the United States as to Claim 2.

DATED this 4th day of December, 2017.

Susan P. Watters
United States District Court